UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO AZPERA,<br><br>Plaintiff,<br><br>v.<br><br>D. MARTIN, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-3198-JDP (P)<br><br><br>ORDER |

Plaintiff, a state prisoner, brings this action against numerous correctional officer defendants and alleges violations of his First, Eighth, and Fourteenth Amendment rights.  His Eighth Amendment allegations against defendants Martin, Prather, Perez, McTaggart, Colon, Browne, and Peterson are fit to proceed.  By contrast, plaintiff's First and Fourteenth Amendment claims, including all claims against defendant Acevedo, are non-cognizable as articulated. Plaintiff shall indicate whether he desires to proceed only with his Eighth Amendment claim against the officer defendants identified above, or delay serving any defendant and file an amended complaint.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

1

**I.    Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that defendants Martin, Prather, Perez, McTaggart, Colon, Browne, and Peterson have repeatedly ignored his safety concerns about other, threatening inmates on A-yard at Mule Creek State Prison. These allegations, though they do not explicitly allege that harm has befallen plaintiff yet, are sufficient to state a viable Eighth Amendment claim against these

officers. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (noting that "a subjective approach to deliberate indifference does not require a prisoner seeking a remedy for unsafe conditions [to] await a tragic event [such as an] actual assault before obtaining relief.").

By contrast, plaintiff's other claims are non-viable. He gestures toward retaliation and equal protection claims, alleging that defendant Acevedo has retaliated against him both because of his sexual orientation and for filing grievances. ECF No. 1 at 11. These claims are underdeveloped, however, and plaintiff does not allege any specifics as to what Acevedo did that indicated that her actions were retaliatory. He alleges only that she "fed into the negativity" against him, which is too vague an allegation to support either a First or Fourteenth Amendment claim. Additionally, his Eighth Amendment claim against Acevedo is similarly underdeveloped, insofar as he alleges only that she forced him to sign a "chrono." *Id.*

Further, the complaint includes a claim that bears no apparent relation to his Eighth Amendment failure to protect allegations. He claims that a correctional officer named Philips searched him on August 20, 2025, and confiscated his personal property, some of which contained personal information. *Id.* at 12. This allegation, while potentially cognizable in a separate suit, is insufficiently related to plaintiff's other claims to proceed in this one.

Plaintiff may either proceed only with his Eighth Amendment claims against the correctional officer defendants deemed cognizable in this order, or he may delay serving any defendant and file an amended complaint. He is advised that the amended complaint must be titled "First Amended Complaint," be complete in itself, and will supersede the current complaint.

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may confirm her intent to proceed only with the Eighth Amendment claim against defendants Martin, Prather, Perez, McTaggart, Colon, Browne, and Peterson or, within that same time, file another amended complaint with the understanding that doing so will delay service of any defendant.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3

IT IS SO ORDERED.


Dated:    February 3, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4